[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff James J. Maher, Jr. appeals the decision of the defendant Commissioner of Motor Vehicles suspending the plaintiff's motor vehicles operator's license. The Commissioner acted pursuant to General Statutes 14-227b. The plaintiff appeals pursuant to General Statutes 4-183. The court finds the issues in favor of the plaintiff.
General Statutes 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . . ." If the individual refuses to submit to a test, the commissioner must suspend his or her operator's license. Subsection (f) of Section 14-227b
provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the hearing officer found all of the issues in the affirmative and the suspension was sustained.
The court finds the plaintiff is aggrieved by the defendant commissioner's decision within the meaning of General Statutes 4-183.
The bases of the plaintiff's appeal, as set forth in his brief and at oral argument, are (1) that the commissioner erred in finding probable cause for the arrest; and (2) that the A-44 police report, which was admitted in evidence at the hearing, was unreliable and should have been excluded.
CT Page 10349 The plaintiff's argument concerning the A-44 report is based on the failure of the police to file with the report a copy of the temporary license which is ordinarily issued to an accused at the time of his arrest. Such filing is required by General Statutes 14-227b(c) and Regulations of State Agencies 14-227b-10(c)(1). The plaintiff contends that the failure to comply with this requirement "taints the reliability of the police report and the reliability of the arrest procedure." At oral argument on this appeal, the parties stipulated that the police never issued the plaintiff a temporary license, which explains why none was sent to the department with the A-44 form. However, that fact has no discernible bearing on the reliability of the A-44 form. On a comparable issue, see Peters v. Department of Motor Vehicle, 26 Conn. App. 937 (1992); a per curiam decision which affirmed the superior court's decision (Damiani, J.) holding that the failure to comply with the A-44 mailing time limit, which is another subsection (c) requirement, does not affect the report's reliability or admissibility. The same reasoning holds true in this case. The plaintiff's argument with regard to the temporary license in this case cannot be sustained.
The plaintiff's probable cause argument proceeds on several fronts, only one of which has merit. That issue, however, is dispositive of the case in his favor. In this regard, the plaintiff points out that there was no evidence at the agency hearing that the plaintiff was operating a motor vehicle in any location prohibited by the drunk driving statute. The offense of operating under the influence is defined, in relevant part, in General Statutes 14-227a(a) as follows:
 A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property . . . . (Emphasis added).
CT Page 10350
The A-44 police report, which was the only evidence of the location of the alleged drunk driving offense, indicates merely that the plaintiff was stopped as he "attempted to back up with two flat tires on the '77 Ford." The location of this incident was noted as the "Trumbull Center Parking Lot, Route 127." There was no evidence that the lot occupied an area for ten or more cars or was on any school property, as specified in 14-227a.
In order to find probable cause that the plaintiff had been operating a motor vehicle while under the influence of liquor in violation of 14-127a, there must be evidence of facts and circumstances "sufficient to justify the belief of a reasonable person that (the) offense has been or is being committed." See State v. Rodriguez, 11 Conn. App. 140,146-147 (1987). An element of the drunk driving offense is operation of a vehicle in a location prohibited by the statute. In this case, the record is devoid of any facts or circumstances which are evidence of that element of the offense. Evidence of operation in a parking lot, standing alone, is not sufficient because the statute specifically provides that the lot must be of a certain size.
Accordingly, the hearing officer in this case could not have concluded, on the basis of the evidence before him, that the police had probable cause to arrest the plaintiff for drunk driving. The hearing officer's decision was, therefore, not based on substantial evidence and may not be sustained. Persico v. Maher, 191 Conn. 384, 409-410 (1983).
The plaintiff's appeal is sustained.
Maloney, J.